UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

---

ELECTRICAL CONSTRUCTION INDUSTRY
PREFUNDING CREDIT REIMBURSEMENT PROGRAM
a/k/a ELECTRICAL CONSTRUCTION INDUSTRY
HEALTH & WELFARE PLAN,
ELECTRICAL CONSTRUCTION INDUSTRY
ANNUITY PLAN,
ELECTRICAL CONSTRUCTION INDUSTRY
PENSION PLAN,
MILWAUKEE ELECTRIC JOINT APPRENTICESHIP
& TRAINING TRUST FUND,
ELECTRICAL CONSTRUCTION INDUSTRY
VACATION - HOLIDAY PLAN,
and ROBERT RAYBURN and DEAN WARSH,
in their capacity as Trustees of the Funds,

        Plaintiffs,

    vs.                                          Case No. _____

COATES ELECTRIC, LLC,

        Defendant.

---

## COMPLAINT

---

**NOW COME** the Plaintiffs Electrical Construction Industry Prefunding Credit Reimbursement Program a/k/a Electrical Construction Industry Health & Welfare Plan, Electrical Construction Industry Annuity Plan, Electrical Construction Industry Pension Plan, Milwaukee Electric Joint Apprenticeship & Training Trust Fund and Electrical Construction Industry Vacation - Holiday Plan (hereinafter referred to as "Funds"), and Robert Rayburn and Dean Warsh, in their capacity as Trustees of the Funds, by their attorneys, Reinhart Boerner Van Deuren, s.c., by Philip R. O'Brien and Sarah A. Huck,

and as and for a cause of action against the Defendant, allege and show to the Court the following:

JURISDICTIONAL AND FACTUAL ALLEGATIONS

1.	Jurisdiction of this Court is founded upon Sec. 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. 185 (a)), and Sec. 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1132), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit timely contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of the Employee Retirement Income Security Act of 1974, the Multi-Employer Pension Plan Amendments Act of 1980, the terms and provisions of the employee benefit plans, Section 301 of the Labor-Management Relations Act of 1947, federal common law and the laws of the State of Wisconsin.

2.	Plaintiffs Electrical Construction Industry Prefunding Credit Reimbursement Program a/k/a Electrical Construction Industry Health & Welfare Plan, Electrical Construction Industry Annuity Plan, Electrical Construction Industry Pension Plan, Milwaukee Electric Joint Apprenticeship & Training Trust Fund and Electrical Construction Industry Vacation - Holiday Plan are employee benefit plans within the meaning of Sections 3(1), (2), (3) and (37), 502 and 515 of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, PL. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. Sections 1002(2), (3) and (37), 1132 and 1145) and/or Section 301 of the Labor-Management Relations Act of 1947, and bring this action on

behalf of the Trustees, participants and beneficiaries of said Funds. Said Funds maintain offices at 11001 West Plank Court, Suite 120, Wauwatosa, WI 53226.

3. Plaintiffs Robert Rayburn and Dean Warsh are trustees and fiduciaries of the Electrical Construction Industry Board Benefit Funds, as well as participants and beneficiaries within the meaning of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1002 et seq.) and as such have standing to be Plaintiffs in this action and to seek the remedies prayed for.

4. Defendant Coates Electric, LLC, is a domestic limited liability corporation organized to do business in the State of Wisconsin, with principal offices located at 21675 Doral Road, Waukesha, Wisconsin. The corporation's registered agent for service of process is Brody Coates, N65 W27528 Maple Street, Sussex, Wisconsin.

5. Defendant Coates Electric is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, *et seq.*).

6. For all times relevant, Defendant Coates Electric was a party to and agreed to abide by the terms of collective bargaining agreements, identified as (1) the Inside Wiremen Agreement (2) the Residential Agreement and (3) the Sound and Communication Agreement, all between Local No. 494, International Brotherhood of Electrical Workers, AFL-CIO, ("IBEW Local No. 494") and Electrical Contractors Association Milwaukee Chapter, N.E.C.A., Inc., and all originally signed by Local 494 and Coates Electric on September 18, 2009, by means of Letters of Assent, which remain

in effect to the present. IBEW Local No. 494 is a labor organization which represents, for purposes of collective bargaining, certain employees of Defendant, and employees of other employers, in industries affecting interstate commerce within the meaning of Sections 2(5), 9(a) and Sec. 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, *et seq.*). Copies of the Letters of Assent are attached hereto as Exhibit A.

7. The executed collective bargaining agreements described herein contain provisions whereby Defendant Coates Electric agreed to make timely payments to the Plaintiff trust funds for each employee covered by said agreement. By execution of said collective bargaining agreements, Defendant adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

8. By virtue of executing the collective bargaining agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Defendant Coates Electric has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned labor agreements;

4

b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted; and

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent and/or late-paid contributions, and actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions and/or interest and/or liquidated damages.

9. Defendant Coates has failed to perform its obligations pursuant to the terms and conditions of the collective bargaining agreement and trust agreements by, although not necessarily limited to, the following:

a. failing to make continuing and prompt payments to the Funds as required by the applicable collective bargaining agreements and trust agreements for all of Coates Electric's covered employees; and

b. failing to accurately report employee work status to the Funds.

10. Section 502(g)(2) of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (Sec. 306(b)(2)) provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

5

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

11. Section 515 of ERISA provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

12. The Collection Policy, incorporated into the Funds' Trust Agreements, authorizes the Trustees to establish rules and regulations providing for liquidated damages to be added to any delinquent contributions, to take legal action to collect unpaid contributions, interest and liquidated damages, and to recover all costs and attorneys' fees incurred in collecting unpaid or overdue amounts from any delinquent employer.

13. Pursuant to the Collection Policy, the Fund Trustees have established rules governing delinquencies which provide that the delinquent employer, in the case of legal actions to collect delinquencies, shall be liable for the delinquent collection amount; interest on the unpaid contribution amount, or a part thereof, that the remittance is late, plus additional interest on all contributions remaining unpaid; liquidated damages at the rate of $35 per month on each Monthly Payroll Report that are not received before the due date up to a maximum of $500, plus thereafter to a maximum of 20% of the amount due; all costs of recovery, including, but not limited to, attorneys' fees and costs of prosecution of the legal action. A copy of the Collection Policy is attached hereto as Exhibit B.

14. Despite demands that Defendant Coates Electric perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that said Defendant has failed, neglected and omitted and refused to make those payments on a timely basis. As a result, Defendant Coates Electric is now indebted to the Plaintiff Funds for contributions for the work months of June and July 2016, in an amount to be determined, plus assessment of liquidated damages to date for untimely payment of contributions.

<u>FIRST CLAIM FOR RELIEF AGAINST DEFENDANT COATES ELECTRIC:
VIOLATION OF ERISA SECTION 515</u>

15. As and for a first claim for relief against Defendant Coates Electric, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 14 above and incorporate the same as though fully set forth herein word for word.

16. Due demand has been made upon the Defendant for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

7

34720018

Case 2:16-cv-01158-JPS   Filed 08/29/16   Page 7 of 11   Document 1

17. Because, as Plaintiffs are informed and believe, Defendant Coates Electric has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of Plaintiffs' trust funds is reduced, Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and Plaintiff Funds' employee benefit plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

18. As a result of Defendant Coates Electric's failure to timely make its contributions payable for the works months of June and July 2016, as noted above to the Funds in accordance with the collective bargaining agreements, the Defendant has violated ERISA Section 515 (29 U.S.C. Section 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. Section 1132(g)(2)).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT COATES ELECTRIC: BREACH OF TRUST AGREEMENT RULES (BENEFIT DELINQUENCY)

19. As and for a second claim for relief against Defendant Coates Electric, the Plaintiff Funds reallege each and every allegation contained in paragraphs 1 through 18 above and incorporates the same as though fully set forth herein word for word.

20. Defendant Coates Electric is a party to and bound by the Funds' Trust Agreements. The Collection Policy ("the Policy"), incorporated into the Trust Agreements, obligates the Defendant to make timely contribution payments to the Funds as required by the collective bargaining agreement. The Policy of the Trust Agreements authorizes the Trustees to establish rules and regulations establishing reasonable liquidated damages to be added to delinquent contributions. The Policy of the Trust Agreements further provides that the Trustees are entitled to recover all costs and reasonable attorneys' fees incurred in the collection of delinquent contributions.

21. Pursuant to the Policy of the Trust Agreements, the Funds' Trustees have prescribed rules governing delinquencies, which provide that the Funds' recovery rights include recovery of all costs and reasonable attorneys' fees. In pertinent part, item 5 of the Policy provides as follows:

> In the event the Plan commences a lawsuit against an employer which is delinquent in payment of its required contribution, additional liquidated damages equal to the greater of 20% of the amount due or the amount of interest calculated at the rate specified in paragraph 2 above from the delinquency date shall be imposed upon the delinquent employer.

22. As a result of its failure to make timely contributions in accordance with the collective bargaining agreement, Defendant Coates Electric has violated the terms of the Trust Agreements. Based upon the Trust Agreements' and the Funds' delinquency rules, the Defendant is liable to the Funds for delinquent contributions, interest, liquidated damages, and the expenses of collection incurred by the Funds, including reasonable attorneys' fees and costs.

23. Because the Defendant Coates Electric has failed to make timely and prompt contributions in the amounts set forth in paragraph 14 above, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with its collective bargaining agreement and enjoined from further breaches.

**WHEREFORE,** Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against the Defendant:

A. For contributions, interest and liquidated damages incurred as a result of the failure to timely pay contributions to the Funds from June 1, 2016 to the date of the filing of this lawsuit, pursuant to ERISA and the terms of the Trust Agreements and the applicable Fund delinquency rules;

B. For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the Trust Agreements and the applicable Fund delinquency rules; and

C. For unpaid contributions, variances, interest and liquidated damages becoming due and/or arising from the date of the filing of this lawsuit through the date of judgment.

2. An order requiring Defendant to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Defendant Coates Electric's accounts receivable. With respect to each account receivable, Defendant shall itemize:

    a. The amount of each account receivable.

    b. The period of time during which such receivable accrued.

    c. The location of the premises upon which the work was performed.

    d. The nature of the improvement involved for which the account receivable is due.

    e. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Defendant Coates Electric to submit to an audit of the company's books and records by the Plaintiff Funds' designated representative for the

period January 1, 2016 to the present.

    4.    The Court should retain jurisdiction pending compliance with its orders.

    5.    For such other, further or different relief as the Court deems just and proper.

Dated this <u>29th</u> day of August, 2016.

<u>s\Philip R. O'Brien</u>
PHILIP R. O'BRIEN (SBN 1015549)
SARAH A. HUCK (SBN1036691)
Attorneys for Plaintiffs
Reinhart Boerner Van Deuren, s.c.
1000 North Water Street
Suite 1700
Milwaukee, WI 53202
414-298-1000 (telephone)
414-298-8097 (facsimile)
pobrien@reinhartlaw.com
shuck@reinhartlaw.com
